IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE JONES,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT SOLUTIONS,<br><br>    Defendant.<br>_____/ | No. C 10-0218 CRB<br><br>**ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS** |

Plaintiff Jones brings this action seeking monetary damages and declaratory relief for Defendant's alleged violations of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act.

Now before this Court is Defendant's motion to dismiss for improper venue, or in the alternative, to transfer this matter to the Southern District of California in San Diego.

Venue is proper in the Southern District. In order to encourage the speedy resolution of this matter, the motion to transfer is GRANTED. The motion to dismiss is DENIED.

### BACKGROUND

As this case comes before this Court on a motion to dismiss, the following recitation of facts is taken entirely from the allegations in the Complaint.

On several occasions, Defendant made calls to Plaintiff's home in San Pablo in an attempt to collect a debt allegedly owed by Plaintiff. Compl. ¶¶ 12-14. Plaintiff alleges that venue is proper pursuant to 28 U.S.C. 1391(b)(1).[1] Id. ¶ 5.

On January 15, Plaintiff filed this lawsuit against Defendant, Credit Solutions Corp. ("Defendant"), alleging violations of the Fair Debt Collections Act and the Rosenthal Fair Debt Collection Practices Act. Id. ¶¶ 1, 2.

Plaintiff resides in San Pablo, California. Id. ¶ 7. Defendant is a national company with its headquarters in San Diego, California. Id. ¶ 10.

## DISCUSSION

**A.  Legal Standard**

  **i.  Motion to Dismiss for Improper Venue**

Federal Rule of Civil Procedure 12(b)(3) provides that if an action is brought in the wrong court, a defendant can move to dismiss the action for improper venue. In deciding such a motion, the pleadings need not be accepted as true and the court may consider facts outside the pleadings. Murphy v. Schneider Nat'l, Inc., 326 F.3d 1122, 1137 (9th Cir. 2004).

In order for this Court to be the proper venue for this matter under 28 U.S.C. § 1391(b)(1), Plaintiff must allege that Defendant "resides" in the District of Northern California.[2] Because Defendant is a corporation, it "resides" in any judicial district in which it is subject to personal jurisdiction at the time the action was commenced. 28 U.S.C. § 1391(c).

Personal jurisdiction may be either "general" or "specific." Data Disc, Inc., v. Systems Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). "General jurisdiction" applies if a defendant's activities in the forum–here, California–were "substantial" or

---

[1]  In Plaintiff's response to Defendant's motion to dismiss, she alleges venue is proper in the Northern District on other grounds besides the one alleged in her Complaint. However, the local rules require that the *complaint* identify the statutory basis for federal jurisdiction and the facts supporting such jurisdiction. C.L.R. 3-5(a) (emphasis added).

[2]  28 U.S.C. § 1391(b)(1) provides: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where nay defendant *resides,* if all defendants reside in the same State" (emphasis added).

2

"continuous and systematic." <u>Hirsch v. Blue Cross, Blue Shield of Kansas City</u>, 800 F.2d 1474, 1477 (9th Cir. 1986). Under general jurisdiction, the court may assert personal jurisdiction as to any cause of action filed against a defendant, regardless of whether the cause of action is related to defendant's activities in the state. <u>Id.</u>

A court has the more limited "specific" jurisdiction only if the cause of action relates to the defendant's specific contacts with the forum district. It exists when: (1) the non-resident defendant does some act or consummates some transaction with the forum or performs some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections; (2) the claim arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable as to that defendant. <u>Ballard v. Savage</u>, 65 F.3d 1495, 1498 (9th Cir. 1995).

In either case–general or specific–the plaintiff bears the burden of showing that personal jurisdiction is proper. <u>See</u> <u>Fields v. Sedgwick Assoc. Risks, Ltd.</u>, 796 F.2d 299, 301 (9th Cir. 1986).

### ii. Motion to Transfer for Improper Venue

In the alternative to dismissing a case for improper venue, a district court may, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer can be "in the interest of justice" to encourage a speedy resolution of the issues and to provide for a efficient use of judicial resources. <u>See</u> <u>Russo v. Ballard Med. Prods.</u>, 352 F. Supp. 2d 177, 183 (D.R.I. 2005); <u>see also</u> <u>Goldlawr Inc. v. Heiman</u>, 369 U.S. 463, 466 (1962).

### B. Venue In the Northern District of California Is Improper

Plaintiff does not specify as to whether she is proceeding under a theory of "general" or "specific" personal jurisdiction for purposes of the venue statute. However, she argues that venue is proper because (1) Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt and (2) Defendant constantly and continuously placed collection calls to Plaintiff at a phone number with an East Bay area code seeking and demanding payment of a debt. Compl. ¶¶ 12-14. Thus, the factual basis for

establishing venue in the Northern District rests entirely on the fact that Defendant called Plaintiff at her home in San Pablo demanding payment for an alleged debt.

Defendant argues in response that this one contact is insufficient to establish venue in this District. This argument is persuasive. If Plaintiff were allowed to proceed in this Court, the "traditional notions of fair play and substantial justice" embodied in the Due Process Clause would be subverted. See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Defendant has its *sole* place of business in San Diego. Defendant executes all of its purchase and sale agreements in San Diego and managed Plaintiff's delinquent account from its place of business in San Diego. Furthermore, Defendant never sent any communications to Plaintiff at her home in San Pablo.

In light of the foregoing, Plaintiff has not carried her burden of showing that the Northern District is the proper venue for this matter. Defendant's conduct falls short of the systematic and continuous contacts required for general jurisdiction. It also falls short of the requirements for specific jurisdiction. Specifically, Defendant has not acted or consummated any transaction with the Northern District. Nor has Defendant performed any act by which he purposefully availed himself of the privileges of conducting activities in the Northern District, which is a requirement for specific personal jurisdiction. See Ballard, 65 F.3d at 1498. Moreover, it would be unreasonable to hail Defendant into this Court when Plaintiff has not met her burden of showing that venue is proper in this District. See id.

**C.   Transfer is Proper**

Since this is not a court of proper venue, transfer to the Southern District of California is appropriate–and within this Court's discretion–for the speedy resolution of this matter. 28 U.S.C. § 1406(a); see Russo, 352 F. Supp. 2d at 183. Therefore, Defendant's motion to transfer is GRANTED and its motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: June 30, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE